UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RONALD A. McKEE,                                    )
                                                    )
                          Plaintiff,                )
                                                    )
            vs.                                     )          No. 1:15-cv-01371-TAB-WTL
                                                    )
CAROLYN W. COLVIN Commissioner of the               )
Social Security Administration,                     )
                                                    )
                          Defendant.                )

**ORDER**

## I.    Introduction

Plaintiff Ronald A. McKee asserts three issues on appeal: (1) whether the Administrative

Law Judge's step three finding is supported by substantial evidence; (2) whether substantial

evidence supports the ALJ's finding that McKee's impairments do not medically equal a listing;

and (3) whether the ALJ's step five finding is supported by substantial evidence.  For the reasons

set forth below, McKee's brief in support of appeal [Filing No. 21] is denied.

## II.    Background

McKee applied for supplemental security insurance benefits on September 5, 2012,

alleging disability beginning May 11, 2010.  The claim was denied initially and on

reconsideration.  On August 19, 2013, McKee, represented by an attorney, testified at a hearing

before the ALJ.  At the hearing, McKee's attorney requested a supplemental hearing with a

medical expert.  However, the ALJ determined it was unnecessary under the circumstances.  On

March 27, 2014, the ALJ issued her decision, finding that McKee is not disabled.

At step one, the ALJ found that McKee has not engaged in substantial gainful activity

during the relevant time period.  At step two, the ALJ found that McKee's severe impairment is

"schizophrenia with history of polysubstance use/abuse and continuing marijuana use since about the application date." [Filing No. 13-2, at ECF p. 13.] At step three, the ALJ found that McKee does not meet or equal any relevant listing. At step four, the ALJ found that McKee has the Residual Functional Capacity to perform a full range of work at all exertional levels with non-exertional limitations. The ALJ found McKee has the RFC to

> understand, remember, and carry out simple, routine tasks[,] … utilize common sense understanding to carry out instructions, to deal with several concrete variables in standardized situations, and to sustain this mental ability consistent with the normal demands of a workday including regular breaks and meal periods[,] … interact with supervisors, coworkers, and the general public[, and] … identify and avoid normal work place hazards and to adapt to routine changes in the work place.

[Filing No. 13-2, at ECF p. 16.] McKee has no past relevant work. [Filing No. 13-2, at ECF p. 19.] At step five, the ALJ relied on the testimony of the Vocational Expert and concluded that McKee was not disabled because he could perform jobs in the national economy as a grounds keeper, janitorial worker, or auto detailer. [Filing No. 13-2, at ECF p. 20.] This decision became final when the Appeals Council denied McKee's request for review. This appeal followed.

## III. Standard of review

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ,

however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin,* 712 F.3d 351, 362 (7th Cir. 2013).

## IV.    Discussion

McKee was first diagnosed with paranoid schizophrenia in May 2010 upon spending a week in the hospital for auditory and visual hallucinations. [Filing No. 13-7, at ECF p. 74.] McKee's medical record contains consistent diagnoses and demonstrates his initial struggle with schizophrenia. However, the record also demonstrates that the symptoms of McKee's paranoid schizophrenia have since become largely controlled with treatment. In fact, McKee testified at the hearing that since beginning with treatment and medication, he has not been hearing things, having visual hallucinations, or delusions of reading people's thoughts. [Filing No. 13-2, at ECF p. 42.] Furthermore, McKee testified that he has been applying for jobs at fast food restaurants and as a stocker at Walmart. [Filing No. 13-2, at ECF p. 41.]

The ALJ found that McKee was not disabled. The ALJ explained that McKee did not meet or medically equal the criteria for paranoid schizophrenia. [Filing No. 13-2, at ECF p. 14.] The ALJ explained that work exists in the national economy which McKee can perform. [Filing No. 13-2, at ECF p. 20.] While McKee argues the ALJ's conclusions are erroneous, the Court finds that the ALJ's opinion is supported by substantial evidence in the record. For the following reasons, the ALJ's decision is affirmed.

### A.    *Step three finding*

McKee argues that the ALJ's step three determination is erroneous because substantial evidence supports the conclusion that he meets the listing for paranoid schizophrenia. The Commissioner contends that the ALJ's reasons for concluding McKee did not meet the listing are reasonable and supported by the record. Because McKee cannot point to substantial

evidence that supports a conclusion that he meets the listing and the ALJ articulated a reasonable and supported analysis, the ALJ's step three finding is appropriate.

At step three, the ALJ must determine whether any impairment meets or medically equals a listing from the Listing of Impairments. 20 C.F.R. § 404.1520(d); *Patterson v. Colvin*, No. 1:14-CV-00468-SEB, 2015 WL 898186, at *7 (S.D. Ind. Mar. 2, 2015). The claimant has the burden of showing that his impairments meet a listing by showing that his impairment satisfies all of the criteria specified in the listing. *Id.* (citing *Ribaudo v. Barnhart,* 458 F.3d 580, 583 (7th Cir.2006)). The ALJ must then discuss the listing by name and offer more than a perfunctory analysis of the listing. *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir.2004) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1). The listing for paranoid schizophrenia is met with documented persistent hallucinations and at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration;

20 C.F.R. § Pt. 404, Subpt. P, App. 1, at Listing 12.03.[1]

The ALJ found that McKee did not meet the listing for paranoid schizophrenia because he did not have any marked restrictions. [Filing No. 13-2, at ECF p. 14.] McKee makes several arguments that these conclusions by the ALJ are erroneous. However, the Court agrees with the Commissioner that the ALJ's step three conclusion is not erroneous. McKee's arguments are

---

[1] McKee's opening brief only argues that the ALJ erroneously found he did not meet the paragraph B criteria. In his reply brief, McKee raises for the first time the argument that the ALJ ignored the paragraph C criteria. Issues raised for the first time in a reply brief are waived. *Gonzales v. Mize,* 565 F.3d 373, 382 (7th Cir.2009). Thus, waiver is an obstacle to McKee's paragraph C argument.

seriously undeveloped and the ALJ provided an appropriate analysis of the record, which contains substantial evidence that McKee does not meet the listing for paranoid schizophrenia.

McKee has not met his burden of showing that his schizophrenia meets any of the listing criteria.  McKee argues that the ALJ relied on her layperson knowledge to determine whether the listing criteria were mild or moderate, but fails to explain how.  Additionally, McKee argues that the ALJ ignored Dr. Liffick's evaluation and made her own conclusion that his psychiatric treatment lead to stability since the application date.  However, McKee points to nothing in that evaluation which would change the ALJ's conclusion.  Moreover, the Commissioner points out that the ALJ's conclusion is supported by Dr. Francis' treatment notes, which showed McKee had consistent good functioning while taking medication.

McKee also argues that the ALJ played doctor when concluding that McKee was psychologically stable, but fails to explain how.  [Filing No. 16, at p. 12-13.]  Finally, McKee argues that the ALJ selectively ignored his low GAF scores and cherry-picked the high scores to support a finding of not disabled.[2]  However, the Commissioner contends the ALJ ignored all of McKee's GAF scores when making her conclusion.  While the ALJ noted McKee's GAF scores of 27 and 55, she also noted that the Commissioner does not endorse using GAF scores because they "have no direct correlation to the severity requirements of the mental disorder listings." [Filing No. 13-2, at ECF p. 17.]  The ALJ is not required to discuss GAF scores.  *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014).  The ALJ did not use the GAF score of 55 to conclude that

---

[2] McKee also argues that failing to consider low GAF scores is contrary to Seventh Circuit case law.  To support this argument, McKee merely lists eight cases—without a pinpoint citation— and provides no discussion.  This trail of breadcrumbs does not support McKee's argument.  Moreover, as the Commissioner points out, the case law McKee cites to does not actually support this argument.  *See Bauer v. Astrue*, 532 F.3d 606 (7th Cir. 2008) (discussing the ALJ's opinion, which did not focus on GAF scores).  This argument therefore fails.

McKee was not disabled.  Rather, the ALJ confronted two of McKee's GAF scores and explained that she was not persuaded by GAF scores in general, which is the position of the Commissioner.  The ALJ did not selectively favor high GAF scores.  She favored none.  These arguments fail to demonstrate that McKee's schizophrenia meets any of the listing criteria.

The ALJ offered more than a perfunctory analysis of the listing for schizophrenia by analyzing the medical record and discussing her findings for each criteria.  First, the ALJ reasonably found that McKee had mild restrictions in activities of daily living because he performed personal care without difficulty, worked part-time, cared for his uncle's pets, did his own laundry, cooked, and helped to clean the house and perform yard work.  [Filing No. 13-2, at ECF p. 14.]  The ALJ acknowledged that several mental status exams showed that McKee had a constricted affect and some instances of slightly disheveled appearance, but that treatment notes reported that he was generally doing well on his medications and maintaining his part-time work schedule.  *Id.*

Second, the ALJ reasonably found that McKee had only mild restrictions in social functioning because he spends time daily with his family, goes out unaccompanied, shopping for himself, and goes to work and church.  [Filing No. 13-2, at ECF p. 15.]  The ALJ acknowledged that McKee testified he was fired from his most recent job for insubordination and conf1ict with his manager, who is his sister-in-law.  However, McKee also testified he has no difficulties getting along with others apart from typical family bickering.  *Id.*  The ALJ discussed treatment notes reporting McKee's history of decreased social interaction during symptomatic episodes, but explained that was before he was stabilized with medication.  *Id.*

Third, the ALJ reasonably found that McKee has moderate limitations in concentration, persistence, or pace.  [Filing No. 13-2, at ECF p. 15.]  The ALJ acknowledged that McKee

reported stumbling over words and becoming confused about what others are saying. *Id.* But she explained that Dr. Liffick observed his memory was intact, and it appeared that "as long as he is not acutely ill, his memory works well." *Id.*

Fourth, the ALJ reasonably found that McKee has not experienced any extended periods of decompensation. [Filing No. 13-2, at ECF p. 15.] The ALJ acknowledged that McKee participated in a one-month inpatient research study for a new medication from May 13, 2010, to June 10, 2010, but explained that this was not an episode of decompensation. Rather, it was for the purpose of stabilizing his symptoms. *Id.* These four criteria for schizophrenia were discussed by the ALJ and she analyzed the medical record in her findings.

Overall, the ALJ made a reasonable conclusion that McKee does not meet the listing for paranoid schizophrenia. McKee does not point to any evidence that shows otherwise. The ALJ based her conclusion on substantial evidence, which she confronted and analyzed. Thus, the Court finds no error.

B.     *Equivalence finding*

McKee argues that the ALJ's failure to summon a medical advisor to testify whether his impairment medically equaled the listing for schizophrenia requires reversal. The Court does not agree.

The ALJ has a "duty to develop a full and fair record." *Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir.2000). The opinions of the state agency medical consultants are sufficient to determine medical equivalency. 20 C.F.R. 416.927(e). An ALJ may, but is not required to, seek the opinion of a medical expert to consider the nature and severity of an impairment and determine whether the impairment equals one of the listed impairments. 20 C .F.R. 416.927(e)(2)(iii).

McKee argues that the ALJ could not rely on the state agency medical consultants because their reports are dated several months before McKee's treating psychiatrist's RFC assessment. McKee asserts that due to the timing of these reports, the ALJ was required to consult an expert. McKee relies on *Barnett v. Barnhart*, 381 F.3d 664, 671 (7th Cir. 2004), for this proposition, but his reliance is misplaced. In *Barnett*, the court pointed out the ALJ did not consult an expert, but notably, there had been no state agency medical consultant assessment. *Id*. The *Barnett* court found error because the ALJ assumed no medical equivalence without any supporting evidence or discussion, not because he failed to consult an expert. *Id*. Here, the ALJ based her conclusion on substantial evidence, which she analyzed and discussed. The ALJ was not required to summon an expert just because a treating physician made a report a few months after the state agency medical consultants. The Commissioner points out the state agency medical consultants concluded McKee did not equal the listing for schizophrenia [Filing No. 13-3, at ECF p. 11, 22], which the ALJ may rely upon as substantial evidence to support her finding. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). Thus, there is substantial evidence in the record to support the ALJ's finding that McKee did not medically equal the listing.

The ALJ was not required to summon a medical expert to consider the treating physician's later RFC assessment. The ALJ's conclusion McKee did not meet or medically equal the listing for schizophrenia is supported by substantial evidence. Thus, the equivalence finding is not erroneous.

C.      *Step five finding*

McKee argues the ALJ did not account for every aspect of his schizophrenia in the RFC. The ALJ limited McKee to simple routine tasks. [Filing No. 13-2, at ECF p. 16.] McKee argues this fails to address his limitations in concentration, persistence, or pace. McKee points to his

treating psychiatrist's assessment of his mental limitations, but does not explain what the ALJ failed to consider.  The Commissioner contends that the limitation provided by the ALJ reasonably accommodated McKee's moderate limitations.  The ALJ adopted the psychologists' opinions that McKee could understand, carry out, and remember simple instructions.  [Filing No. 13-2, at ECF p. 18.]  The ALJ found that McKee could meet the demands of unskilled work because the psychologists opined that he is able to deal with changes in a routine work setting. *Id.*  As the Commissioner points out, the ALJ provided reasonable accommodations, supported with substantial evidence and analysis.  Accordingly, there is no error.

## V.    Conclusion

For these reasons, Plaintiff has not demonstrated that the ALJ committed reversible error. The Court denies Plaintiff's brief in support of appeal [Filing No. 21] and affirms the Commissioner's decision.

Date: 7/12/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov